1:19-cv-00118-LAG

# Exhibit A



**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-06089
_____

*Law and Policy Section*             *Telephone (202) 514-1442*
*P.O. Box 7415*             *Facsimile (202) 514-4231*
*Washington, DC  20044-7415*

April 26, 2023

PROVIDED TO COUNSEL OF RECORD
TO SUBMIT TO THE COURT VIA ECF

Clerk's Office
United States District Court
Middle District of Georgia
C.B. King United States Courthouse
201 West Broad Avenue
Albany, Georgia 31701

      Re:    *Marjorie Cornwell McRee v. Leatherbrook Holsteins, LLC* (M.D. Ga.),
              Case No. 1:19-CV-0118

Dear Clerk of Court:

      I am writing to notify you that the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court.

      On March 16, 2023, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).[1]  This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

---

[1] The term "consent judgment" in the Clean Water Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case.  For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language.  Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials.  The Department monitors citizen suit litigation to review compliance with this requirement.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or an environmentally beneficial project payment sufficient to deter future violations, or combinations of the above.

Given the facts of this case, the United States has no objection to the proposed consent judgment. The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 514-4642 if you have any questions.

Sincerely,

*/s/ Peter McVeigh*
Peter McVeigh, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C. 20044-4390

cc:    Counsel on Record via ECF