IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MARJORIE CORNWELL MCREE, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CASE NO.: 1:19-CV-118 (LAG) |
| : | |
| LEATHERBROOK HOLSTEINS, LLC, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## **ORDER**

Before the Court is the Parties' Joint Motion to Approve Consent Decree. (Doc. 84). Plaintiffs—a group of farmers and landowners in Sumter County, Georgia and non-profit organization Flint Riverkeeper, Inc.—initiated this action against Defendants Leatherbrook Holsteins, LLC, Leatherbrook Holsteins #3, and Adam L. Graft in July 2019. (Doc. 1). Defendants own and manage a large dairy operation next to Plaintiffs' farms and tributaries of the Flint River in Sumter County. (*Id.* ¶¶ 1, 6). In the Amended Complaint filed in May 2020, Plaintiffs allege that Defendants' past and ongoing discharges of manure, wastewater, silage waste, dredged and fill material, and other pollutants violate the Clean Water Act (CWA) and have caused Plaintiffs environmental injuries, property damages, and other harms. (Doc. 25 ¶¶ 1, 117–62). The individual Plaintiffs also bring state law claims against Defendants for negligence per se, negligence, violation of riparian rights, trespass, nuisance, punitive damages, and attorneys' fees and litigation expenses. (*Id.* ¶¶ 2, 115, 163–211). After the Parties agreed to mediate these claims, the Court stayed this action on October 22, 2020 to allow the Parties to continue settlement negotiations. (Doc. 50).

Following mediation, the Parties filed the Joint Motion to Approve Consent Decree on March 15, 2023. (Doc. 84). Under 33 U.S.C. § 1365(c)(3), a court may not enter a proposed consent judgment until the Attorney General and the Administrator of the Environmental Protection Agency (EPA) have been given forty-five days to review the

proposed consent judgment. On March 28, 2023, Plaintiffs notified the Court that, pursuant to 33 U.S.C. § 1365(c)(3), the Attorney General and the Administrator of the EPA had received copies of the Proposed Consent Decree on March 16 and 23, 2023. (Doc. 85 at 1). On May 9, 2023, Plaintiffs submitted correspondence from the Department of Justice notifying the Court that "the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court." (Doc. 85-1 at 1).

"[A] consent decree," unlike a private settlement agreement, is "entered by the court" and "function[s] like any other court order or judgment." *Rowe v. Jones*, 483 F.3d 791, 797 (11th Cir. 2007) (citations omitted); *see United States v. City of Miami*, 664 F.2d 435, 439 (5th Cir. 1981) (Rubin, J., concurring) ("A consent decree, although founded on the agreement of the parties, is a judgment." (citation omitted)). District courts, therefore, have a responsibility to ensure that proposed consent decrees are "not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997) (citation omitted); *see also United States v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998) (District courts must "[e]nsure that a consent decree is not 'unlawful, unreasonable, or inequitable.'" (quoting *United States v. City of Alexandria*, 614 F.2d 1358, 1361 (5th Cir. 1980))). When a consent decree resolves claims brought under federal statutes, a court also must ensure that the consent decree "further[s] the objectives of the law upon which the complaint was based." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citation omitted); *see also City of Miami*, 664 F.2d at 441–42 (Rubin, J., concurring) (When considering whether to approve a "consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree. If the suit seeks to enforce a statute, the decree must be consistent with the public objectives sought to be attained by Congress." (citation omitted)).

The Parties represent that they "have negotiated in good faith" and "jointly drafted" the Proposed Consent Decree. (Doc. 84-1 at 3, 11). The Parties further represent that they "agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving Plaintiffs' CWA and state law claims against Defendants." (*Id.* at 3). Under the Proposed Consent Decree, Defendants agree to

remove the specified number of cattle on various parcels of their land, take the specified actions to manage and monitor runoff from the dairy operation, and provide Plaintiffs with certain certifications and reports. (*Id.* at 3–10). Plaintiffs agree to dismiss all claims against Defendants with prejudice. (*Id.* at 10). If any disputes "concerning any aspect of this Consent Decree" cannot be resolved by the Parties within thirty days, "the Parties agree to mediate the dispute in good faith." (*Id.* at 11). Additionally, the Proposed Consent Decree provides that "[t]he Court will retain full authority and jurisdiction to administer and enforce this Consent Decree." (*Id.* at 10). The Parties agree that "[t]he terms of this Consent Decree may be modified only by a subsequent written agreement signed by all Parties" and that "material change[s]" must be "approv[ed] by the Court." (*Id.* at 13).

Upon review and consideration of the Proposed Consent Decree and the record in this case, the Court finds nothing in the Proposed Consent Decree that would render it unconstitutional, unlawful, or contrary public policy. *See Stovall*, 117 F.3d at 1240 (citation omitted). The Proposed Consent Decree also furthers the objectives of the Clean Water Act: "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a); *see Frew*, 540 U.S. at 437 (citation omitted). The terms of the Proposed Consent Decree addresses many of the alleged harms described in the Amended Complaint and is a reasonable resolution of Plaintiffs' claims. *See Jones Creek Investors, LLC v. Columbia County*, No. CV-111-174, 2013 WL 164516, at *1–3 (S.D. Ga. Jan. 15, 2013) (approving a proposed consent decree that "caused the . . . [d]efendants to come into compliance with environmental legislation" and provided for "continued monitoring" of the conduct related to the plaintiffs' underlying allegations).

Accordingly, the Parties' Joint Motion to Approve Consent Decree (Doc. 84) is **GRANTED**, and the Parties' Proposed Consent Decree (Doc. 84-1) is **ADOPTED** as the Order of this Court.

**SO ORDERED**, this 9th day of May, 2023.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**